```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

PAUL GRAZIANI,                  :
                                :
        Petitioner,             :
                                :               PRISONER
v.                              :       Case No. 3:14CV1590 (RNC)
                                :
EDWARD MALDONADO,               :
                                :
        Respondent.             :

## RULING AND ORDER

Petitioner Paul Graziani, a Connecticut inmate proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the petition is denied without prejudice.

I. Background

In 2010, petitioner pleaded guilty to a violation of his probation and was sentenced to fifteen years' imprisonment. He did not appeal but instead filed a state habeas action claiming that his conviction had been obtained in violation of his rights to effective assistance of counsel and due process. See Graziani v. Warden, 10-CV-4003759-S (Conn. Super. Ct. Aug. 16, 2010).[1] In 2013, the petition was denied after an evidentiary hearing and petitioner appealed. See Graziani v. Comm'r, AC-35590 (Conn.

---

[1] Connecticut Superior Court records documenting petitioner's state habeas petition may be accessed by searching under Civil/Family Case Look-Up and entering the case number 10-CV-4003759-S under Docket Number Search at http://civilinquiry.jud.ct.gov/GetDocket.aspx (last visited March 28, 2015).

App. Ct. Apr. 26, 2013).[2]  The appeal is still pending and has not yet been fully briefed.[3]  Petitioner asks this Court to review his claims on the ground that the state action is "stalled."

II. Standard of Review

A federal court may entertain a petition for habeas corpus challenging a state court conviction if the petitioner claims that his custody violates the Constitution or federal laws.  28 U.S.C. § 2254(a).  Before filing a habeas petition in federal court, a state prisoner must exhaust state court remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement is satisfied by presenting the factual and legal bases of the federal claims to the highest court of the state, either through direct or collateral review.  See O'Sullivan, 526 U.S. at 845; Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir. 2005).

III. Discussion

Petitioner has not satisfied the exhaustion requirement.  His federal habeas petition raises the same claims now pending

---

[2] Connecticut Appellate Court records documenting petitioner's appeal of the decision dismissing/denying the state habeas petition may be accessed by entering the case number AC-35590 at http://appellateinquiry.jud.ct.gov/AppealNoInq.aspx (last visited March 28, 2015).

[3] The state's brief is due May 29, 2015.  See Graziani v. Comm'r, AC-35590 (Conn. App. Ct. Apr. 26, 2013).

before the Appellate Court.  A federal court may grant habeas relief to a state prisoner on a claim that has not been exhausted if the state process is "ineffective to protect the rights of the petitioner.  28 U.S.C. § 2254(b)(1)(B)(ii).  Inordinate delay by the state in processing a habeas claim may render the state remedy ineffective.  See Chowlewinski v. Armstrong, No. 3:98CV1964(DSRU), 2000 WL 303252, *3 (D. Conn. Feb. 16, 2000).  Even substantial delay does not justify dispensing with the exhaustion requirement, however, if a previously stalled state habeas proceeding is moving forward.  See Swain v. Murphy, 3:08CV1394(RNC), 2010 WL 1279051, *2 (D. Conn. March 26, 2010).  In this case, the state petition has been the subject of an evidentiary hearing, a decision has been issued by the habeas court, petitioner has appealed and the appeal is pending.  In these circumstances, petitioner is not excused from exhausting his available state court remedies.

IV.  Conclusion

Accordingly, the petition for a writ of habeas corpus is hereby denied without prejudice.  The Clerk may close the file.

So ordered this 30th day of March, 2015.

                                          /s/RNC
                                          Robert N. Chatigny
                                  United States District Judge